**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 1:21-cv-23190-FAM**

CARLOS EDUARDO MARRÓN;
MARIA MARRÓN; C.R., a minor;
and S.A., a minor,

      Plaintiffs,

v.

NICOLAS MADURO MOROS; FUERZAS
ARMADAS REVOLUCIONARIAS DE
COLOMBIA ("FARC"); THE CARTEL OF
THE SUNS A.K.A. CARTEL DE LOS
SOLES; VLADIMIR PADRINO LÓPEZ;
MAIKEL JOSE MORENO PEREZ; NESTOR
LUIS REVEROL TORRES; TAREK
WILLIAM SAAB; and TAREK EL AISSAMI,

      Defendants.

_____/

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST**
**FRYD MORTGAGE, LLC**

In July 2016, a shell company of Samark López Bello paid $5.3 million in cash for the Pinecrest property at 9000 SW 63rd Court, Pinecrest, Florida 33156. As this Court recognized in its September 29, 2023 order, the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC"), Samark López Bello, the shell company, and Maria Fernanda López (López Bello's daughter) all unanimously have acknowledged that the Pinecrest property is blocked because López Bello owns and/or controls the shell company that holds title to the Pinecrest property.

Despite the record evidence uniformly showing that the Pinecrest property is blocked, FRYD Mortgage nevertheless has attempted to foreclose on the blocked Pinecrest property without an OFAC license. FRYD's argument relies on mischaracterizing a snippet of Maria Fernanda López's deposition testimony; in that snippet, Maria Fernanda López testified that her father "gift[ed]" her the privilege of living (presumably rent-free) in the Pinecrest property during college. As this Court recognized, nothing about Maria Fernanda López's testimony suggests that she owns the Pinecrest property or that it is not blocked: "Ms. López testified that because the

property was OFAC-blocked, she had not monitored the property since 2017… Her testimony belies any contention that she controlled the Pinecrest LLC and the home." ECF 108 at 24 (September 29, 2023 order).

As shown below, no genuine dispute of material fact exists that (1) FRYD cannot execute on the blocked Pinecrest property because it lacks a special OFAC license required under federal sanctions law and (2) FRYD lacks any legal right or claim to the blocked Pinecrest property because its putative mortgage is fraudulent. For each of these independent reasons, summary judgment should be entered in favor of Plaintiffs and against FRYD Mortgage.

<u>**RELEVANT PROCEDURAL HISTORY**</u>

**I.    Plaintiffs Moved For A Writ Of Execution On The Blocked Pinecrest Property And Provided Notice To FRYD.**

Plaintiffs moved for writs of execution on López Bello's Pinecrest property well over a year ago, on February 22, 2023. ECF 47. On March 1, 2023, Plaintiffs notified FRYD of their motion for a writ of execution. *See* ECF 50 at 1.

The Court held a hearing on Plaintiffs' motion on March 2, 2023, and permitted any interested parties, including FRYD, to respond to Plaintiffs' motion. *See* ECF 53. On March 17, 2023, FRYD opposed Plaintiffs' motion as to the Pinecrest property and argued that the Pinecrest property was not blocked. *See* ECF 56. FRYD argued principally that the Pinecrest property was not blocked because López Bello purportedly gifted the property to his daughter, Maria López. FRYD also argued that López Bello did not pay taxes on the property from 2017 to 2019 and cited an excerpt of Maria López's deposition testimony in which she referred to the Pinecrest property as a "gift." *Id.* at 4-6. FRYD also argued that the LLC's absence from the OFAC blocking list showed that the property is not blocked. *Id.* at 7.

**II.   The Court Granted Plaintiffs' Motion For Writ On The Blocked Pinecrest Property.**

On September 29, 2023, the Court granted Plaintiffs' motion for a writ of execution on the blocked Pinecrest property, rejecting all of FRYD's arguments. This Court recognized that "the evidence that the property is blocked is strong, and FRYD lacked an OFAC license, which FRYD would have needed to issue the mortgage and to file the foreclosure action." ECF 108 at 25. The Court correctly applied OFAC's "50% Rule," which blocks all property in which an OFAC-designated individual owns or controls a 50 percent interest. *Id.* The Court further noted that "the

fact that the Pinecrest home is titled in Pinecrest LLC's name is insufficient to allow this Court to find the home is unblocked." *Id.* Finally, the Court noted that "the most telling evidence that the Pinecrest home is indeed blocked" was the Pinecrest LLC's concession that "the property is blocked by OFAC under the Kingpin Act." *Id.* at 24-25.

The Court's September 29, 2023 order also observed that OFAC issued a special license to the Village of Pinecrest to provide "basic landscaping." *Id.* at 23 (citing ECF 47-30 at 17). The Court recognized that the issuance of the special license to OFAC showed the Pinecrest property's blocked status: "OFAC would not issue a license for an unblocked property." *Id.* (citing ECF 62-2).

Additionally, the Court expressed "concern[] that FRYD Mortgage lacks a lawful claim to the property because the mortgage is fraudulent." *Id.* at 25. As the Court explained, the purported mortgage was "procured by the criminal defendants in *US v. Castaneda*, No. 20-CR-20155, ECF 154, 155 (S.D. Fla. Aug. 11, 2021), where the criminal defendant who obtained the mortgage had no legal right to encumber the Pinecrest home." *Id.*

## III.    FRYD Belatedly Moved For "Clarification," Effectively Seeking Reconsideration Of The Court's September 29 Order.

In its September 29, 2023 order, this Court ordered that "any interested party may" move to quash Plaintiffs' writ of execution "by no later than **October 19, 2023**." ECF 108 at 4. FRYD filed nothing by the October 19, 2023 deadline. Instead, FRYD filed a "motion for clarification" five months later, on February 16, 2024. ECF 149. FRYD requested "confirm[ation] that the State Court is the appropriate forum for the adjudication of the validity, enforceability and resulting priority of the FRYD Mortgage" (ECF 149 at 9), effectively seeking reconsideration of the September 29 order.

Plaintiffs responded on March 1, pointing out that the September 29 order foreclosed FRYD's arguments. ECF 155. Plaintiffs also requested that the Court permit Plaintiffs to proceed with a sale of the blocked Pinecrest property and deposit the proceeds into the Court's registry, pending further order of the Court. Plaintiffs' March 1, 2024 cross-motion also showed that FRYD neither sought nor received a special license to mortgage or foreclose on the blocked Pinecrest property. *See* ECF 155-2.

FRYD's motion (ECF 149) for clarification, and Plaintiffs' cross-motion (ECF 155) to sell the blocked Pinecrest property and deposit the proceeds in the Court's registry pending the final

resolution of the dispute between Plaintiffs and FRYD, remain pending.[1]

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Under the familiar Rule 56 standard, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party "must do more than simply show there is some metaphysical doubt as to the material facts": it must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. Of particular relevance here, a "mere… scintilla of evidence" will not suffice to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

A party may move for summary judgment on "part of each claim or defense." Fed. R. Civ. P. 56(a). As the Eleventh Circuit has explained, Rule 56 consequently permits a motion for summary judgment directed to a specific issue. *Parker v. Econ. Opportunity for Savannah-Chatham Cnty. Area, Inc.*, 587 F. App'x 631, 633 (11th Cir. 2014).

## ARGUMENT

As a matter of law, Plaintiffs are entitled to summary against FRYD on two issues: ***First***, that the Pinecrest property is blocked because López Bello owns and/or controls it. FRYD has not presented (and cannot present) a shred of evidence to create a genuine dispute of material fact whether the Pinecrest property is unblocked because Maria López owns it. Without a special OFAC license, FRYD cannot pursue the blocked Pinecrest property as a matter of federal sanctions law. ***Second***, FRYD has no legal right or claim to the Pinecrest property because its purported mortgage is fraudulent, as FRYD knows.

---

[1] Plaintiffs respectfully submit that this motion for summary judgment against FRYD moots FRYD's "motion for clarification" (ECF 149), which attempts to litigate the merits of FRYD's claim to the blocked Pinecrest property. If FRYD chooses to respond to this motion for summary judgment, FRYD will receive a full opportunity to litigate the merits of its claim to the blocked Pinecrest property—the same merits issue raised by FRYD's "motion for clarification."

A prospective order granting both this motion for summary judgment against FRYD and Plaintiffs' May 30, 2024 motion for summary judgment against Lopez Bello (ECF 201) and permitting Plaintiffs to proceed with the sale of the blocked Pinecrest property also would moot Plaintiffs' cross-motion (ECF 155) for leave to sell the blocked Pinecrest property and deposit the proceeds in the Court's registry pending the final resolution of the claims to the blocked Pinecrest property.

I.   **Not A Single Shred of Record Evidence Creates A Genuine Dispute of Material Fact Whether The Pinecrest Property Is Unblocked.**

In its September 29 order granting Plaintiffs' motion for writ on the Pinecrest property, the Court correctly and unambiguously determined that Plaintiffs met their burden of making a *prima facie* showing that the Pinecrest property is blocked. *See* ECF No. 108 at 22-26. For example, this Court noted:

- "[Maria López's] testimony belies any contention that she controlled the Pinecrest LLC and the home." *Id.* at 24.

- "Perhaps, the most telling evidence that the Pinecrest home is indeed blocked by OFAC is the Pinecrest LLC's response to the Plaintiffs' motion. In that response, the Pinecrest LLC concedes the property is blocked by OFAC under the Kingpin Act." *Id.* at 24-25.

- "[T]he evidence that the property is blocked is strong, and FRYD lacked an OFAC license, which FRYD would have needed to issue the mortgage and to file the foreclosure action." *Id.* at 25.

- "For these reasons, the Court finds that the presence of a mortgage on this property is insufficient to rebut the Plaintiffs' *prima facie* showing under TRIA that Samark López Bello owned the Pinecrest home." *Id.* at 26.

This Court correctly characterized as "strong" the evidence that the Pinecrest property is blocked: Indeed, the López Bello shell company that holds title to the Pinecrest property, Maria Fernanda López, and OFAC all have acknowledged that the Pinecrest property is blocked. As shown below, the record evidence continues to make clear that the Pinecrest property is blocked because López Bello's shell company owns and/or controls it.

A.   **The Pinecrest Shell Company Admits That The Pinecrest Property Is Blocked.**

Counsel for López Bello's shell company holding title to the Pinecrest property affirmed that "the purchase of the [Pinecrest] property was funded by Samark López Bello" and that since López Bello's OFAC designation, "the [Pinecrest] Property has been included in all of the blocked property reports filed with OFAC." ECF No. 62-2 at 9–10. Additionally, a verified interrogatory response from the shell company reiterated yet again that the Pinecrest property is blocked (and confirms that OFAC also deems the Pinecrest property blocked):

6.   Please Identify all Persons who manage the Property, or provide services for the maintenance of the Property, including but not limited to any property manager, pool service company, landscape company, maid service, or janitorial company.

ANSWER: The Property is blocked by the Department of Treasury - Office of Foreign Assets Control. The Village of Pinecrest provides basic landscaping pursuant to an OFAC License (FNK-2020-369790-1).

ECF No. 47-30 at 17.

The sworn affidavit and verified interrogatory response from the shell company definitively show that the Pinecrest property is blocked. What is more, additional evidence confirms that López Bello owns and controls the Pinecrest property: For example, López Bello personally disclosed 9000 SW 63rd Court LLC, the shell company that holds title to the Pinecrest property, as an entity he "owned or controlled." ECF No. 47-27 at 24.

### B. OFAC's Issuance Of A Specific License Confirms That The Pinecrest Property Is Blocked.

A person or entity need not obtain a license from OFAC to deal in unblocked property; rather, as OFAC explains, it issues licenses "to engage in a transaction that *otherwise would be prohibited*." ECF No. 62-3 at 2 (emphasis added).[2] OFAC issued a specific landscape license for the Pinecrest property (ECF No. 47-30 at 17), confirming that the Pinecrest property is blocked. This Court recognized as much in its September 29 order. *See* ECF 108 at 23 ("That the Village of Pinecrest has the license is evidence that the property is blocked because OFAC would not issue a license for an unblocked property.").

### C. Maria López Repeatedly Testified That The Pinecrest Property Is Blocked.

Maria López's testimony comports with the affidavit and interrogatory response from the shell company and with OFAC's view of the Pinecrest property's status. Maria López testified repeatedly that "the house was blocked by OFAC" (ECF No. 67-4 at 80:2-3), and "[i]t's a property that is blocked." ECF No. 67-4 at 75:3–5. Maria López also testified that she is not an OFAC-designated person. ECF No. 67-4 at 15:17-19. The sworn testimony, sworn affidavits, and

---

[2]   Available at: https://home.treasury.gov/policy-issues/financial-sanctions/ofac-license-application-page (explaining that "[a] license is an authorization from OFAC to engage in a transaction that otherwise be prohibited.") (last accessed May 2, 2024).

verified interrogatory responses from Maria López and the shell company uniformly show that the property is blocked, underscoring that López Bello (whom OFAC designated) owns and controls the Pinecrest property, not Maria López (whom OFAC has not designated).

Maria López's putative status as the Pinecrest shell company's manager does not change the property's blocked status. Of course, the manager of an LLC is not equivalent to the owner of the LLC. A manager means "a person who, under the operating agreement of a manager-managed limited liability company, is responsible…for performing management functions stated in Fla. Stat. §§ 605.0407(3) and 605.04073(2)." Fla. Stat. § 605.0102(38). The relevant inquiry under the Kingpin Act regulations is who owned or controlled the Pinecrest property: López Bello.

Likewise, FRYD's already-rejected argument (*see* ECF 108 at 24-26) that López Bello "gifted" the Pinecrest property to Maria López misses the mark. FRYD's previous citation to a line in Maria López's deposition (*see* ECF 56 at 4-5) shows only that López Bello gifted Maria the privilege of living in the Pinecrest property rent-free while she attended college. *See* ECF 62-4 at 70:21-71:3 ("Q: [Y]ou weren't getting a loan to buy this house. Correct? A: No. Q: It was going to be a gift from your father. Is that correct? A: Yes."). But Maria López's responding to a question that used the word "gift" says nothing about who ultimately bought and holds title to the Pinecrest property. As noted above, Maria López testified unambiguously and repeatedly that the Pinecrest property is blocked by OFAC. *See* ECF No. 67-4 at 75:3–5, 80:2-3.

### D. Nothing In Florida's Property Records Shows That Maria López Owns The Blocked Pinecrest Property.

A transfer of the Pinecrest property from López Bello to his daughter would have required compliance with Fla. Stat. § 689.01 (titled "How real estate conveyed"), which specifies the documents and formalities necessary to transfer real property. None of those documents or formalities exist here, and FRYD cannot cite any evidence (other than the misinterpretation of the snippet from Maria López's deposition) to support its argument that a putative "gift was complete in July, 2016." ECF 56 at 6. Instead, the record evidence makes clear that López Bello bought the property through his shell company and never conveyed title to anyone else, as this Court recognized in its September 29, 2023 order. *See* ECF 108 at 23 ("There was never a transfer of the Pinecrest home from Lopez Bello to his daughter, which would have required compliance with § 689.01, Fla. Stat. (specifying how to legally transfer real property in Florida)").

*     *     *     *

Simply put, both Maria López and the López Bello shell company holding title to the Pinecrest LLC both testified under penalty of perjury that the Pinecrest property is blocked—a view with which OFAC agrees (as evidenced by OFAC's issuance of a specific license to the Village of Pinecrest). Even viewed in the light most favorably to FRYD Mortgage, FRYD's characterization of Maria López's response to the "gift" question amounts at most to a "mere… scintilla of evidence" insufficient to create a genuine dispute of material fact here. *See Anderson*, 477 U.S. at 252; *accord Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, 237 F. Supp. 3d 1230, 1241 (M.D. Fla. 2017) (holding that a single snippet of deposition testimony amounted to "a mere 'scintilla' of evidence" insufficient to create a genuine dispute of material fact), *aff'd*, 898 F.3d 1279 (11th Cir. 2018). Plaintiffs are entitled to summary judgment as to the blocked status of the Pinecrest property.

### E.   FRYD's Unlicensed "Transfers" Violate Federal Sanctions Law.

As Plaintiffs previously explained (ECF Nos. 62 at 2-3; 155 at 7-8), FRYD's (fraudulent) encumbrance on the Pinecrest property and initiation of its state-court foreclosure proceeding on the Pinecrest property constitute unlicensed "transfers" in violation of federal sanctions law. This Court's May 24, 2023 order recognized that federal law requires a "creditor other than a victim of terrorism…to obtain an OFAC license to take any action that touches on a Kingpin designee's blocked property." ECF 76 at 7 (citing 31 C.F.R. § 598.202 (providing that "[a]ll property and interests in property that are in the United States … of a specially designated narcotics trafficker are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in"); 31 C.F.R. § 598.301 (providing with respect to blocked property that "payments, transfers, exportations, withdrawals or other dealings may not be made or effected except pursuant to a license or other authorization from OFAC expressly authorizing such action")).

Further still, OFAC served an administrative subpoena on FRYD on August 1, 2023, notifying FRYD that FRYD "may have financed *a blocked real property* located at 9000 SW 63rd Court, Pinecrest, FL 33156, in which Samark López Bello, added to OFAC's Specially Designated Nationals ('SDN') List on February 13, 2017, has an interest." ECF No. 155-1 at 1 (emphasis added). OFAC requested that FRYD provide a statement as to whether FRYD had applied for an OFAC license to authorize any previous transactions or dealings involving the Pinecrest property,

whether FRYD "plans to continue its engagements involving the Pinecrest Property," and "why and whether FRYD Mortgage intends to apply for an OFAC license to authorize such transactions." *Id.* at 1-2. FRYD responded that it would continue to pursue its (fraudulent) mortgage in the state-court action and declined to apply for an OFAC license. ECF No. 155-2 at 2-3 (exhibits omitted). FRYD's continued prosecution of its fraudulent claim to the Pinecrest property without an OFAC license violates federal sanctions law. *See, e.g.*, 31 C.F.R. §§ 598.202, 598.301.

## II.    FRYD's Purported Mortgage On The Pinecrest Property Is Fraudulent.

As this Court knows from presiding over the criminal case *United States v. Castaneda et al.*, Case No. 1:20-cr-20155 (S.D. Fla.) for several years, a ring of fraudsters contrived a scheme to defraud financial institutions. As the U.S. Department of Justice explained, the fraudsters identified blocked properties in south Florida, stole the identities of people associated with the blocked properties, and borrowed millions of dollars in mortgages against the blocked properties. ECF 62-5. Of course, these fraudsters lacked any right to pledge the blocked property as collateral in the first place. *See, e.g., Branch Banking & Tr. Co. of Va. v. M/Y BEOWULF*, 2012 WL 464002, at *5 (S.D. Fla. Feb. 13, 2012) (explaining that a mortgagor must have legal title to the property at the time of the mortgage execution to "pass a valid security interest" on to the mortgagee); *accord, e.g., Gonzalez v. Chase Home Fin. LLC*, 37 So. 3d 955, 957 (Fla. 3d DCA 2010) (noting that an individual can "convey no greater interest" in a property than the interest the individual owns).

Relevant here, defendant Katherine Hansen Mendoza admitted to impersonating Maria López—identified as "M.F.L.M." in the criminal cases—to fraudulently obtain a mortgage from FRYD on the Pinecrest property.  *See* ECF Nos. 62-7, 62-8. The factual proffer (ECF 62-6) signed by Hansen and an assistant United States Attorney details the fraud scheme:

> The residential property, located at 9000 SW 63rd Court, Pinecrest, Florida (the "Pinecrest Property"), was owned by a Florida limited liability company, named 9000 SW 63 CT LLC. "M.F.L.M.," who was a real individual, was the managing member of 9000 SW 63 CT LLC. The Defendant and her co-conspirators did not own the Pinecrest Property or have the authority to encumber it.

> On or about March 4, 2020, in Miami, Florida, the Defendant used the Fraudulent
> Venezuelan Passport to falsely and fraudulently represent that she was M.F.L.M. to apply for and
> sign loan documents for the refinancing loan from a second private lender, based in Miami, Florida,
> in the amount of $3,000,000.00 on the Pinecrest Property. During the loan closing, the Defendant
> received WhatsApp messages from GONZALEZ and GIMENEZ, respectively, providing a copy
> of a corporate document for 9000 SW 63 CT LLC and a copy of a check from the fraudulent TD
> -0415 Account. The Defendant used the information provided in the WhatsApp messages to
> complete the loan documents. The WhatsApp messages sent to the Defendant in the Southern
> District of Florida were communications in interstate commerce, because the servers that process
> WhatsApp communications were located outside the State of Florida.

Notably, on October 18, 2021 in the criminal case, this Court "made inquiry as to guilt. The Court, being satisfied there was a factual basis for the plea, accepted the plea of guilty." ECF 62-9.

Simply put, no genuine dispute of material fact exists that FRYD has no lawful claim to the Pinecrest property; Hansen could not lawfully pledge the Pinecrest property to FRYD as collateral in the first place.[3] For this additional reason, summary judgment should be granted in favor of Plaintiffs and against FRYD.

## CONCLUSION

This Court should grant summary judgment for Plaintiffs and against FRYD on the independent bases that (a) the Pinecrest property is blocked and (b) FRYD lacks any legal right or

---

[3] On February 13, 2024, Plaintiffs served FRYD with a single-RFP subpoena that seeks FRYD's documents and communications about the *Castenada* criminal action. FRYD refused to produce any responsive documents. Plaintiffs consequently moved on March 14, 2024, to compel FRYD to produce its responsive documents (ECF 163), FRYD responded in opposition on April 4 (ECF 180), and Plaintiffs replied on April 11 (ECF 185). The motion is fully briefed, and on March 20, 2024, this Court (Moreno, J.) referred the motion to compel to Magistrate Judge Torres for resolution. ECF 166. The motion remains pending at the time of this filing.

Plaintiffs anticipate that FRYD's withheld documents will show that FRYD knows that it lacks a valid claim to the Pinecrest property. If an order compels FRYD to produce documents responsive to the single-RFP subpoena, Plaintiffs will incorporate those documents in their reply in support of summary judgment or move for leave to supplement the briefing on this motion for summary judgment.

claim to the Pinecrest property. The prospective order(s) granting this motion and Plaintiffs' pending motion for summary judgment against López Bello (ECF 201) should permit Plaintiffs to levy and execute the previously-issued Writ of Execution (ECF 112) on the Pinecrest property.

Respectfully submitted on June 11, 2024.

*/s/ Jonathan S. Klein*
Jonathan S. Klein (Florida Bar No. 125254)
*jklein@mayerbrown.com*
Alex C. Lakatos
*alakatos@mayerbrown.com*
Cloe M. Anderson
*cmanderson@mayerbrown.com*
MAYER BROWN LLP
1999 K St. NW
Washington, DC 20006
(202) 263-3000

*/s/ Jaime D. Guttman*
Jaime D. Guttman (Fla. Bar No. 44076)
*jaime@scale.law*
Scale Law Partners, LLC
777 Brickell Avenue, Suite 500
Miami, FL 33131
(786) 273-9033 (Main)

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 11, 2024, I filed this paper on CM/ECF, which automatically and electronically delivered notice of filing to counsel of record for all remaining parties that have appeared. I also arranged the emailing and mailing of this paper to Samark López Bello at the addresses provided by López Bello's former counsel, Adam Fels.

*/s/ Jonathan S. Klein*