UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:21-cv-23190-FAM

CARLOS EDUARDO MARRÓN;
MARIA MARRÓN; C.R., a minor;
And S.A., a minor,

    Plaintiffs,

v.

NICOLAS MADURO MOROS; FUERZAS
ARMADAS REVOLUCIONARIAS DE
COLOMBIA ("FARC"); THE CARTEL OF
THE SUNS A.K.A. CARTEL DE LOS
SOLES; VLADIMIR PADRINO LOPEZ;
MAIKEL JOSE MORENO PEREZ; NESTOR
LUIS REVEROL TORRES; TAREK
WILLIAM SAAB; AND TAREK EL AISSAMI,

    Defendants.
_____/

**LOISINETTE LEIVA'S MOTION FOR DISSOLUTION OF WRIT OF GARNISHMENT ISSUED TO SAFRA NATIONAL BANK OF NEW YORK [DE 194] AND INCORPORATED MEMORANDUM OF LAW**

Loisinette Carolina Leiva Pinto ("Loisinette Leiva"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Rule 7.1 of the Local Rules of the U.S. District Court for the Southern District of Florida, and § 77.07 of the Florida Statutes, moves for entry of an order dissolving the writ of garnishment (the "Writ") issued as to Safra National Bank of New York (the "Bank") with respect to her account at the Bank [DE 194], and states:

**PERTINENT PROCEDURAL BACKGROUND**

1.    On May 9, 2024, the plaintiffs, Carlos Eduardo Marrón, Maria Marrón, C.R., a minor, and S.A., a minor (collectively, the "Plaintiffs"), moved for writs of garnishment with

respect to $1.8 million belonging to Samark López Bello ("López Bello"), Loisinette Leiva's husband, at the Bank [DE 191], and obtained the Writ on May 10, 2024 [DE 194].

2. On June 3, 2024, the Bank answered the Writ, stating that it was not indebted to López Bello. *See* Answer to Writ of Garnishment Loisinette Carolina Leiva Pinto and Samark López Bello (the "Answer") [DE 204] at ¶ 5.

3. The Bank also stated in its Answer that Loisinette Leiva previously maintained a deposit account with the Bank. Answer [DE 204] at ¶ 2; *see also* Declaration of Representative of Garnishee, Safra National Bank of New York ("Safra Declaration" or "Safra Decl."), attached hereto as Exhibit 1, at ¶ 3.

4. Loisinette Leiva's account was opened at the Miami (Brickell) branch of the Bank but was subsequently transferred to the Bank's New York branch. Safra Decl. at ¶ 4.

5. The account was initially blocked by the Bank in response to the designation of López Bello as a Specially Designated National by the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"). Answer [DE 204] at ¶ 2. However, on OFAC's notification that the account did not need to be blocked, the Bank unblocked the account. Answer [DE 204] at ¶ 2.

6. The Bank eventually closed Loisinette Leiva's account in 2017 and issued (and subsequently re-issued) a check to Loisinette Leiva for the full amount of the funds in the account ($1,742,705.00), which check remains uncashed. Safra Decl. at ¶ 5; Answer [DE 204] at ¶ 2.

7. The funds that were in Loisinette Leiva's account at the Bank's New York branch were transferred to the Bank's general ledger account at the Bank's New York branch, where they currently remain. Safra Decl. at ¶ 6; Answer [DE 204] at ¶ 2.

8. The Writ was never served on Loisinette Leiva, and the docket is devoid of the Plaintiff's certification stating otherwise. The Writ appears to have been served via First Class Mail at the addresses provided by López Bello's former counsel. [DE 220]. However, as López Bello's former counsel indicated, López Bello was detained in Venezuela in April 2024 [DE 191 at 5] and has no contact with his former counsel.

9. Loisinette Leiva was never found to be an agency or instrumentality of the judgment debtor.

10. Loisinette Leiva seeks dissolution of the Writ because this Court lacks jurisdiction over Loisinette Leiva's New York funds, because her funds are not subject to turnover under TRIA, and because the Plaintiffs violated Florida garnishment law in their garnishment of her funds.

## MEMORANDUM OF LAW

### A. The Court Lacks Jurisdiction Over Loisinette Leiva's New York Funds

Loisinette Leiva's account at the Bank was in New York before its closure, and the funds from her closed account remained at the Bank's branch in New York ever since. Safra Decl. at ¶6; Answer [DE 204] at ¶ 2. Accordingly, the Court lacks subject matter jurisdiction to garnish Loisinette Leiva's funds located outside the State of Florida.

"Because of the dual nature of a garnishment proceeding, courts sitting in this state have held that a court presiding over a writ of garnishment must not only have personal jurisdiction over the garnishee, but also jurisdiction over the property or "res" that is the subject of the writ of garnishment." *Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, 149 F. Supp. 3d 1337, 1339 (M.D. Fla. 2015). "While personal jurisdiction may be waived, *in rem* jurisdiction is a very special type of necessary judicial subject matter jurisdiction under Florida law – one that

cannot be waived." *Stansell*, 149 F. Supp. 3d at 1339 (internal quotation marks and citations omitted).

Based on this Court's ruling in *CodeVentures, LLC v. Vital Motion Inc.*, 20-21574-CIV, 2021 WL 3742059, at *1 (S.D. Fla. Aug. 23, 2021), the Court lacks jurisdiction over out-of-state property, such as Loisinette Leiva's funds. In *CodeVentures*, this Court considered Vital's motion to dissolve a writ of garnishment as to its Bank of America accounts located in South Carolina. *CodeVentures*, 2021 WL 3742059, at *1. This Court relied on Judge Timothy Corrigan's analysis of the reach of the Florida garnishment statute in *Power Rental Op Co, LLC v. Virgin Islands Water & Power Auth.*, 2021 WL 268472 (M.D. Fla. Jan 27, 2021), *vacated and superseded by Power Rental Op Co, LLC v. Virgin Islands Water & Power Auth.*, 2021 WL 9882217 (M.D. Fla., July 6, 2021). There, Judge Corrigan "held that the Florida garnishment statute does not apply extraterritorially to out-of-state bank accounts." *Power Rental,* 2021 WL 268472, at *8. Ultimately, this Court dissolved CodeVentures' writ of garnishment because Vital's accounts were located "outside of the reach of Florida's writ of garnishment statute." *CodeVentures*, 2021 WL 3742059, at *4.

"Where, as here, a plaintiff serves a writ of garnishment seeking to attach bank accounts located outside the state of Florida, the court lacks jurisdiction over the property and the writ must be dissolved." *Stansell*, 149 F. Supp. 3d at 1340 (citing *APR Energy,* 2009 WL 425975, at * 2 (dissolving writ of garnishment); *Skulas v. Loiselle,* 2010 WL 1790439, at *3 (S.D. Fla.2010) (dissolving a garnishment writ upon finding that "because the bank account at issue [wa]s located in Pennsylvania, the Court d[id] not have jurisdiction over it"), *report and recommendation adopted,* 2010 WL 1790433 (S.D. Fla. 2010)).

Because the Loisinette Leiva's funds are located in New York, the Court lacks subject matter jurisdiction to issue the Writ, requiring that the Writ be dissolved.

**B. Loisinette Leiva's Funds Are Not Subject to Turnover Under TRIA**

Loisinette Leiva's account with the Bank was not blocked at the time of its closing in 2017, at the time the motion for the Writ was filed, at the time of issuance of the Writ, or at the time of the Answer. Answer [DE 204] at ¶ 2. In fact, the funds from the account are currently on the Bank's ledger and are not blocked. Safra Decl. at ¶ 6; Answer [DE 204] at ¶ 2. Because TRIA requires for an asset to be blocked at the time of its garnishment, the Writ must be dissolved.

Pursuant to § 201(a) of the Terrorism Risk Insurance Act of 2002 (TRIA), a victim of international terrorism who obtains a judgment against a terrorist party on a claim based upon an act of terrorism, may execute on such judgment on the blocked assets of that terrorist party, including the blocked assets of any agency or instrumentality of that terrorist party. Pub. L. No. 107–297, § 201(a), 116 Stat. 2322, 2337.

Thus, "TRIA execution requires two separate determinations regarding the property being executed: (i) that the asset is blocked, and (ii) that the owner of the asset is an agency or instrumentality of the judgment debtor." *Stansell v. Revolutionary Armed Forces of Colombia (Stansell II)*, 771 F.3d 713, 726 (11th Cir. 2014) (citing TRIA § 201(a)). "While the first can be definitively established by the fact that OFAC has taken action against the alleged agency or instrumentality under TWEA or the IEEPA, the second is a separate determination in addition to blockage not dispositively decided by OFAC designation." *Stansell II*, 771 F.3d at 726. "A third party's assets must be blocked under the TRIA when the motion for a writ of garnishment is filed, and when the writ is issued." *Stansell v. Revolutionary Armed Forces of Colombia (Stansell V)*, 45 F.4th 1340, 1350 (11th Cir. 2022) (citing *Stansell II*, 771 F.3d at 748). Thus, where a claimant's

asset is not blocked at the time a writ of garnishment is filed, as required under TRIA, the underlying writ of garnishment must be quashed and the asset turnover judgment, if entered, must be reversed. *Stansell II*, 771 F.3d at 747.

Loisinette Leiva's account with the Bank was not blocked at the time of its closing, and the funds from her account subsequently maintained by the Bank on its general ledger in New York were not blocked at the time of the Plaintiffs' motion for the Writ, at the time the Writ was issued, or at the time of the Answer. Answer [DE 204] at ¶ 2. Therefore, the funds are not subject to garnishment. Additionally, Loisinette Leiva was never found to be an agency or instrumentality of the judgment debtor, as required under TRIA § 201(a). *Stansell II*, 771 F.3d at 726. For these reasons, the Writ must be dissolved.

### C. The Plaintiffs Have Failed to Comply with Chapter 77 of the Florida Statutes

The Plaintiffs have failed to follow the Florida garnishment statute's notice requirement by not serving Loisinette Leiva with the Writ documents. For this reason, as well, the Writ should be dissolved.

Chapter 77 of the Florida Statutes outlines the procedure for issuance and enforcement of writs of garnishment, with § 77.07 of the Florida Statutes providing for such writs' dissolution by motion. § 77.07, Fla. Stat. (2000). With respect to notice of the writ, § 77.055 of the Florida Statutes requires a plaintiff to serve "a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue … on the defendant … and on *any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled*

6

*by the garnishee*." §77.055, Fla. Stat. (2000) (emphasis added). The plaintiff's filing of a certificate of such service is mandatory. § 77.07, Fla. Stat.

Importantly, "[n]othing about the language or purpose of TRIA § 201 indicates that it conflicts with Florida's requirements that owners of property being garnished or executed against are entitled to notice, notwithstanding TRIA's use of the word 'notwithstanding.'" *Stansell II*, 771 F.3d at 729–30 (citing *United States v. Holy Land Found. for Relief & Dev.,* 722 F.3d 677, 687–89 (5th Cir. 2013) and *Altria Grp., Inc. v. Good,* 555 U.S. 70, 77 (2008)). "Therefore, TRIA § 201 does not preempt Florida law, and judgment creditors seeking to satisfy judgments under it must follow the notice requirements of Florida law." *Stansell II*, 771 F.3d at 730 (citing Fed. R. Civ. P. 69(a)(1)).

No service of the documents listed in § 77.055 was obtained on Loisinette Leiva, as is clear from the court docket, providing an additional reason for the Court to dissolve the Writ.

## **CONCLUSION**

Based on the above arguments, the Court should dissolve the Writ, and grant Loisinette Leiva such other and further relief the Court deems just and appropriate.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that, on August 6, 2024, counsel for the movant has conferred via e-mail with the plaintiffs' counsel in a good faith effort to resolve the issues raised in the above motion, with the plaintiff's counsel stating his objection to the relief sought in the motion. Moreover, on August 5, 2024, counsel for the movant conferred via e-mail with counsel for Safra National Bank of New York, with the bank's counsel stating the bank took no position on the relief sought in the motion.

Date: August 6, 2024.

*s/      Olesia Y. Belchenko*
Olesia Y. Belchenko
Florida Bar No. 0025717
Belchenko Law
1221 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone: 305-200-5553
E-mail: olesia@belchenkolaw.com
*Counsel for Loisinette Carolina Leiva Pinto*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system, which serves copies of this filing on every party to this action.

*s/      Olesia Y. Belchenko*
Olesia Y. Belchenko
Florida Bar No. 0025717

8