UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 21-23190-CIV-MORENO**

CARLOS EDUARDO MARRON, MARIA MARRON, C.R., a minor, and S.A., a minor,

        Plaintiffs,

vs.

NICOLAS MADURO MOROS, FUERZAS ARMADAS REVOLUCIONARIOS DE COLOMBIA, CARTEL OF THE SUNS, VLADIMIR PADRINO LOPEZ, MAIKEL JOSE MORENO PEREZ, NESTOR LUIS REVEROL TORRES, TAREK WILLIAM SAAB, and TARECK EL AISSAMI,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL FACEBANK INTERNATIONAL TO COMPLY WITH SUBPOENA

THIS CAUSE came before the Court upon Plaintiffs' Motion to Compel Non-Party Facebank International **(D.E. 188)**, filed on **May 5, 2024**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. Plaintiffs issued a subpoena to Facebank, which declined to produce documents responsive to the subpoena unless the Plaintiffs agree that the documents be produced in Puerto Rico. Facebank also declined to produce documents it deems confidential because they contain the identity of an anonymous customer. The parties dispute whether the Court has jurisdiction since Facebank's headquarters are in Puerto Rico, where Facebank contends the production should take place. Federal Rule of Civil Procedure 45

requires a non-party to comply with a subpoena within 100 miles of where it conducts business in person. Rule 45(c)(2)(A) states that a place of compliance is "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Although Facebank's headquarters are in Puerto Rico, it also conducts in-person business in Florida and the Plaintiffs agree to an electronic production of documents in any event. Therefore, the Court finds it has jurisdiction to hear the confidentiality objection.

The account at issue in the subpoena is blocked by the Office of Foreign Asset Control. 31 CFR § 595.203 states that OFAC-blocked accounts shall be held in segregated accounts not titled in the customer's name. Therefore, the records sought in the production are bank records not confidential customer records. In any event, the Plaintiffs agree to be subject to a confidentiality order. Accordingly, the Court overrules Facebank's confidentiality objection and requires compliance with the subpoena by October 15, 2024.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd of October 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record