UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 21-23190-CIV-MORENO

CARLOS EDUARDO MARRON, MARIA
MARRON, C.R., a minor, and S.A., a minor,

        Plaintiffs,

vs.

NICOLAS MADURO MOROS, FUERZAS
ARMADAS REVOLUCIONARIOS DE
COLOMBIA, CARTEL OF THE SUNS,
VLADIMIR PADRINO LOPEZ, MAIKEL
JOSE MORENO PEREZ, NESTOR LUIS
REVEROL TORRES, TAREK WILLIAM
SAAB, and TARECK EL AISSAMI,

        Defendants.

_____/

### ORDER GRANTING PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT ON TRIA CLAIM

THIS CAUSE came before the Court upon Plaintiffs' Motion for Summary Judgment against Samark Lopez Bello and his Shell Companies (**D.E. 201**) and Plaintiffs' Motion for Summary Judgment against FRYD Mortgage LLC (**D.E. 206**). Samark Lopez Bello and his shell companies failed to file a response in opposition to Plaintiffs' Motion (D.E. 201) and the time do so has since passed. FRYD Mortgage LLC has withdrawn its opposition to the Plaintiffs' second Motion for Summary Judgment (D.E. 206, 249). Local Rule 56.1(a) provides that "[a] motion for summary judgment and the opposition to it shall each be accompanied by a separate . . . Statement of Material Facts . . ." which "shall list the material facts that the movant contends are not genuinely disputed." S.D. Fla. L.R. 56.1(a)(1). Where, as here, there is no opposition memorandum and non-movants fail to file a Statement of Material Facts in Opposition, "[a]ll

materials in [the moving] party's Statement of Material Facts may be deemed admitted . . ." S.D. Fla. 56.1(c); *see also Jones v. Gerwens*, 874 F.2d 1534, 1537 n.3 (11th Cir. 1989) ("[f]acts set forth in the Defendants' Statement of Undisputed Facts which are not controverted, are deemed admitted" pursuant to Local Rules). Therefore, Plaintiffs' Motions are now ripe for disposition.

The Court, however, is not permitted to grant the motions solely because they are unopposed. *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."). "[T]he district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008). "At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id.*

Nevertheless, after careful consideration of the motions, relevant authority, and for the reasons set forth in this Order, the Court finds there are no genuine issues of material fact and GRANTS the Plaintiffs' Motions for Summary Judgment.

## I.      **Background**

Plaintiffs initiated this case against the Defendants, including Tarek El Aissami and the Cartel of the Suns, alleging violations of the Federal Anti-Terrorism Act, 18 U.S.C. § 2333; the Florida Anti-Terrorism Act, Fla. Stat. § 772.13, Federal Civil RICO, 18 U.S.C. § 1964(c), Conspiracy to Violate Federal Civil RICO, 18 U.S.C. § 1962(d), and several state-law claims based on the Defendants' orchestrating the kidnapping, torture, and defamation of Plaintiff Carlos Marron, the extortion of Plaintiff Maria Marron, and the infliction of emotional distress

on all Plaintiffs. On February 14, 2023, this Court awarded Plaintiffs a final judgment in the amount of $153,843,976.

After obtaining the judgment, Plaintiffs commenced collection proceedings under the Terrorism Risk Insurance Act (TRIA) as to two properties owned by Limited Liability Companies operated by Samark Lopez Bello, who Plaintiffs claim is an agent and instrumentality of Defendants Tarek El Aissami and the Cartel of the Suns. *See* § 201(a) of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337.[1] One property is a home in Pinecrest, Florida and the other is a Miami Beach condominium. Plaintiffs moved for writs of execution as to the properties. On September 29, 2023, the Court entered an order finding that Plaintiffs met their burden of making a *prima facie* showing on all of the elements necessary to satisfy TRIA, including that Lopez Bello is an agency or instrumentality of at least judgment debtor El Aissami and the Court emphasized that although it was issuing the writ of execution, it was retaining jurisdiction to give Lopez Bello and his shell companies an opportunity to make legal and factual challenges to the agency and instrumentality determination. In the same order, the Court granted a writ of execution on the Pinecrest property and required any party to move to quash and provide evidence in support of the motion by October 19, 2023. After determining that third party La Gorce Palace Condominium Association had a special Office of Foreign Asset Control (OFAC) license permitting the sale of the Miami Beach property, the Court ordered the excess proceeds of the sale into a blocked account at First Horizon Bank. The Court issued Plaintiffs a writ on these blocked proceeds. Plaintiffs then moved for a writ of garnishment on Lopez Bello's blocked Banesco USA account, which the Court granted on February 1, 2024. Lopez Bello moved to vacate the writs as to the Pinecrest

---

[1] This provision is codified as a note to 28 U.S.C. § 1610.

property, the proceeds from the Miami Beach property, and Banesco USA account, which the Court denied on March 21, 2024 with leave to refile as summary judgment motions.

### A. Agency and Instrumentality Issue

Plaintiffs are now moving for summary judgment on their TRIA claim, including seeking a determination that Samark Lopez Bello is an agent and instrumentality of Defendant Tarek El Aissami and the Cartel of the Suns. In support of their first motion for summary judgment against Samark Lopez Bello, Plaintiffs cite to record evidence that Defendant Tarek El Aissami is the leader of the Defendant Cartel of the Suns. Plaintiffs proffered the affidavit of Luis Miguel Cote Gomez, who is a retired Colonel in the Colombian Marine Corps who served 31 years working on the implementation of intelligence against terrorist groups and the global criminal system of drug trafficking. He testified that the "Cartel of the Suns continues to thrive today under the leadership of Venezuela's Vice President Tarek El Aissami and his front man – Samark Lopez Bello[.]" The United States Treasury Department's Office of Foreign Assets Control designated Lopez Bello as a Specially Designated Narcotics Trafficker on February 13, 2017. OFAC issued a press release to advise that it was designating Tarek El Aissami and his "front man" Samark Lopez Bello and blocking their assets (and those of any of their shell companies) in the United States. The OFAC designation states that Lopez Bello "handles business arrangements and financial matters for El Aissami, generating significant profits as a result of illegal activity benefitting El Aissami." The OFAC designation also states that "[a]s a result of today's action, significant real property and other assets in Miami, Florida area tied to Lopez Bello have been blocked." To support the agency and instrumentality determination, Plaintiffs also proffered the declaration of Special Agent with the Drug Enforcement Administration Paul Craine, who states that "Lopez Bello oversees an international network of

companies which he utilizes to launder drug proceeds on behalf of El Aissami and to purchase properties." As further support for the agency and instrumentality designation, the Plaintiffs cite the indictment in the Southern District of New York charging Lopez Bello with evading sanctions under the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901, and conspiring with El Aissami to evade sanctions. Finally, Plaintiffs also proffer the affidavit of Douglas C. Farah, who is the President of IBI Consultants LLC, which is contracted to investigate, research and write unclassified work products on Counternarcotics and Global Threats. Farah is recognized by the United States Department of Defense as an expert on illicit drug trafficking and the relationship among global terrorist groups. He states in his affidavit that Tarek El Aissami and Samark Lopez Bello, among others, are members of the Cartel of the Suns, a criminal organization that materially assists and provides financial support to the international narcotics trafficking activities of the Fuerzas Armadas Revolucionarias de Colombia (the FARC).

Lopez Bello has not responded to the Plaintiffs' Statement of Material Facts, which outlines his activities and it is Plaintiffs' position that these facts are sufficient to establish their TRIA claim including Lopez Bello's role as an agent and instrumentality of Tarek El Aissami.

*B. Pinecrest Property*

At issue in Plaintiffs' second motion for summary judgment against FRYD Mortgage LLC is a home located at 9000 S.W. 63rd Court, Pinecrest, Florida. The property is owned by an LLC operated by Samark Lopez Bello. Plaintiffs claim they are entitled to recover their judgment against this property under TRIA, but there is a competing claimant on the property, the mortgagor, FRYD Mortgage, who is the plaintiff in a state court foreclosure proceeding against the property. See *Fryd Mortgage, LLC v. 9000 S.W. 63rd Court, LLC, & Maria Lopez,*

No. 2020-016686-CA-01 (11th Jud. Cir. Ct.). FRYD Mortgage originally opposed the motion arguing that the Plaintiffs could not recover under TRIA against the property because Lopez Bello gifted the property to his daughter, and therefore, it was not OFAC-blocked.  FRYD has since withdrawn its opposition to the motion for summary judgment. There being no opposition to the motion for summary judgment, the Court again finds the facts proferred by the Plaintiffs are deemed admitted pursuant to Local Rule 56.1(c)

On September 29, 2023, this Court issued an Order finding that Plaintiffs met their burden of making a *prima facie* showing as to TRIA's elements, including that the Pinecrest Property is blocked by OFAC. The Court, however, retained jurisdiction to adjudicate any factual and legal challenges to the writ and Plaintiffs agreed at the time to refrain from executing the writ pending resolution of those challenges. Plaintiffs have now moved for summary judgment on these issues relevant to the Pinecrest property.

## II.     Legal Standard & Analysis

The Eleventh Circuit stated that a post-judgment enforcement action pursuant to TRIA may be resolved by means of summary judgment  in accordance with Rule 56. *Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340, 1356 (11th Cir. 2022) (*Stansell V*) (stating that a motion for summary judgment is permissible in Florida's garnishment proceedings if there is no disputed issue of material fact).

Under the Rule 56 standard, summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying . . . [the evidence], if any, which it believes demonstrate the absence of a genuine issue of material

fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The non-moving party "must do more than simply show there is some metaphysical doubt as to the material facts": it must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005). And a "mere . . .scintilla of evidence" will not suffice to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Plaintiffs seek summary judgment on the four TRIA elements: (1) Plaintiffs obtained a judgment against a terrorist party for a claim based on an act of terrorism; (2) the amount sought to be executed upon does not exceed Plaintiffs' outstanding compensatory damages; (3) the assets are blocked; and (4) Lopez Bello is an agency or instrumentality of a terrorist party.

*A.  Did Plaintiffs obtain a judgment against a terrorist party based on acts of terrorism?*

The first component is whether the default judgment is based on acts of terrorism. Both the complaint and the default judgment, which are competent evidence on summary judgment, establish that the judgment is based on an act of terrorism. The Plaintiffs alleged in their complaint, and the Defendants admitted through their default, several acts of terrorism. First, the Defendants conspired to kidnap Plaintiff Carlos Marron and extort Maria Marron.  Second, the Defendants engaged in "narcotrafficking," which funded the kidnapping and torture of opponents of the Maduro regime, such as Carlos Marron. The Court, therefore, finds the judgment is based on acts of terrorism.

The second question is whether the default judgment sufficiently establishes whether "El Aissami and the Cartel of the Suns [are] terrorists." This Court's September 29, 2023 order

determined that El Aissami was a terrorist. The record now before the Court also establishes the Cartel of the Suns as a terrorist organization.

### B. Is the amount sought to be executed less than Plaintiffs' compensatory damages plus interest?

The amount sought to date from Lopez Bello and his shell companies (approximately $11.5 million, plus interest) is less than the compensatory damages $153,843,976 awarded to Plaintiffs. Plaintiffs have yet to collect any money or other assets in satisfaction of the judgment. Accordingly, the second TRIA prong is met.

### C. Are the properties at issue blocked?

"By its terms, TRIA allows victims of terror to execute only on *blocked* assets." *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 622 (7th Cir. 2015). Blocking "can be definitively established by the fact that OFAC has taken action against the alleged agency or instrumentality under [the Trading with the Enemy Act or the International Emergency Economic Act]." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 723 (11th Cir. 2014) (*Stansell II*). Congress amended TRIA to allow execution by victims on assets blocked pursuant to the Kingpin Act. *See Stansell V*, 45 F.4th at 1347 n.2. In this case, OFAC's designation in February 2017 of Lopez Bello as a Specially Designated Narcotics Trafficker establishes the blocking of his assets within the United States.

The undisputed evidence shows that OFAC blocked the properties and assets of Samark Lopez Bello. The evidence also shows that Lopez Bello owns the shell companies that own the property at issue here. The Court finds that the Pinecrest Property, the proceeds from the Miami Beach condominium sale, and the Banesco USA account are blocked.

### D. Is Lopez Bello an agent or instrumentality of Tarek El Aissami and the Cartel of the Suns?

*Stansell II* approved an analysis to determine if someone is an agent or instrumentality of a terrorist. *Stansell II*, 771 F.3d at 724 n.6. The Eleventh Circuit has clarified the meaning of an agency or instrumentality, stating that the definition includes any party that provides material support to a terrorist party, whether financial, technological, or the provision of goods and services. *See Stansell V*, 45 F.4th at 1357 (quoting *Stansell II*, 771 F.3d at 724, n. 6). A third party who provides material support to a terrorist *at any point* in time constitutes an agency or instrumentality, even if they purportedly stopped aiding the terrorist. *Id.* at 1350.

The Eleventh Circuit endorsed a broad definition of agency, which includes any party that provides material support to a terrorist party, whether financial (e.g. money laundering), technological, or the provision of goods or services. *See id.* (quoting *Stansell II*, 771 F.3d at 724 n.6). In *Stansell V*, the Eleventh Circuit clarified that "instrumentality" applies even more broadly than "agency" and covers any person who provides means to accomplish an end, even if that person was "unaware of the terrorist party or parties involved." *Id.* at 1354. It stated that even "unwitting cogs in a criminal scheme constitute instrumentalities." *Id.* at 1354.

On September 29, 2023, this Court concluded that Plaintiffs made a *prima facie* showing that Lopez Bello is an agency and instrumentality of El Aissami.  The record supports that conclusion. The record shows that OFAC concluded that Lopez Bello is a front man for El Aissami. He aided El Aissami by laundering money. In *Lopez Bello v. Smith*, 651 F. Supp. 3d 20 (D.D.C. 2022), the district court rejected Lopez Bello's challenge to his designation after noting that OFAC's multiyear investigation concluded that El Aissami conducted a massive drug trafficking operation between Venezuela and the United States. Lopez Bello was in charge of laundering drug proceeds. . .and organizing the air and maritime cocaine routes." *Lopez Bello*, 651 F. Supp. 3d at 17. The D.C. Circuit affirmed the district court on March 12, 2024. *Bello v.*

*Gacki*, 94 F.4th 1067 (D.C. Cir. 2024).

Beyond the court decisions affirming OFAC's designation, the record evidence also supports the finding that Lopez Bello is an agent or instrumentality of El Aissami. The testimony of former DEA Special Agent Paul Craine, Colonel Luis Miguel Cote, and Douglas Farah, an expert who consults for the U.S. Department of Defense, all provided credible evidence that Lopez Bello qualifies as an agent or instrumentality of El Aissami.

The record evidence also establishes that Samark Lopez Bello is an agent or instrumentality of the Cartel of the Suns. Luis Miguel Cote Gomez provided an affidavit to support Plaintiffs' position, which is unrebutted. Cote Gomez is a retired Colonel in the Colombian Marine Corps who served 31 years working on the implementation of intelligence against terrorist groups and the global criminal system of drug trafficking. He testified that the "Cartel of the Suns continues to thrive today under the leadership of Venezuela's Vice President Tarek El Aissami and his front man – Samark Lopez Bello[.]" The Court finds his testimony suffices to establish that Lopez Bello provides material support to the Cartel of the Suns, making him an agent or instrumentality.

Having found all the TRIA prongs are met, the Court grants summary judgment against Lopez Bello and the shell companies to the extent they own the Pinecrest Property, proceeds from the sale of the Miami Beach Condominium, and funds in the Banesco account.

DONE AND ORDERED in Chambers at Miami, Florida, this 7ᵗʰ of October 2024.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

10