UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION CASE NO. 1:21-CV-23190-FAM

Carlos Eduardo Marrón;
Maria Marrón; C.R., a minor;
And S.A., a minor
    Plaintiffs/Judgment Creditors,

vs.

Nicolas Maduro Moros; Fuerzas
Armadas Revolucionarias de Colombia (FARC);
The Cartel of the Suns aka Cartel de los Soles;
Vladimir Padrino López; Maikel Jose Moreno Perez;
Nestor Luis Reverol Torres; Tarek William Saab;
And Tarek El Aissami

    Defendants/Judgment Debtors,

and

PNC Bank, N.A.,

    Garnishee.
_____/

**ANSWER OF GARNISHEE AND DEMAND FOR
PAYMENT PURSUANT TO FLORIDA STATUTE 77.28**

COMES NOW, the Garnishee, PNC Bank, N.A. ("PNC") for its answer to the Writ of Garnishment served on the Garnishee on June 5, 2025, says as follows:

1. That between the time of this Answer and the time of service of said Writ, plus sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ, Garnishee, PNC was not indebted to **BANCO DE LA FUERZA ARMADA NACIONAL BOLIVARIANA, BANCO UNIVERSAL, C.A. ("BANFANB")**.

- 1 -

2. That between the time of this Answer and the time of service of said Writ, plus sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ, Garnishee, PNC maintains a blocked asset, pursuant to the sanctions regulations administered by the Office of Foreign Assets Control ("OFAC") of the U.S. Treasury Department, acquired from BBVA Compass related to a transaction blocked on or about September 4, 2019. Funds are held in a Mastercard Sub-Escrow Account and the blocked amount is $2,068,489.61. PNC maintains the restricted funds pending turnover order directing Garnishee to transfer the funds in the blocked account to Plaintiffs and, if required, authorization from OFAC in the form of a specific license.

3. That between the time of this Answer and the time of service of said Writ, Garnishee did not have any other goods, money, chattels or effects of BANFANB in its hands, possession or control at any time between said period.

4. That Garnishee does not know of any other persons indebted to BANFANB or who may have the effects of BANFANB in his hands, possession or control at any time between said period.

5. That Garnishee is obligated to pay its attorney a reasonable fee and requests an award of costs and a reasonable attorney's fee for expenses incurred by Garnishee in obtaining representation in and about this suit, as provided by law.

**DEMAND FOR PAYMENT OF GARNISHEE ANSWER FEE**

6. Garnishee, PNC BANK, N.A., demands payment, as partial payment of its attorney's fees, of $100.00 forthwith, as provided pursuant to Florida Statute Section 77.28, payable to Dinsmore & Shohl LLP and mailed to Dinsmore & Shohl, LLP, c/o Seth V. Alhadeff, 200 South Biscayne Blvd., Suite 2401, Miami, Florida 33131.

For Relief, Garnishee, PNC BANK, N.A., prays, having fully answered said Writ of Garnishment, that the initial partial payment of attorney's fees be issued to Garnishee's attorney forthwith and payable to Dinsmore & Shohl LLP.

## FIRST AFFIRMATIVE DEFENSE

7. Neither Plaintiffs nor any other parties can execute on the Mastercard Sub-Escrow Account under TRIA § 201(a) without meeting their burden of proof as to the requirements for turnover. Turnover of some or all of the funds in the Blocked Account must also conform with garnishment principles under New York law. The funds in the Blocked Account, having been blocked in accordance with OFAC sanctions regulations, cannot be transferred to Plaintiffs or anyone else except pursuant to a final judgment under TRIA § 201(a) following a judicial determination that Plaintiffs, or any other party with a claim to the Blocked Account, have met their burden of proof on all elements of a TRIA claim.

## SECOND AFFIRMATIVE DEFENSE

8. Other parties with a potential interest in or claim to the Blocked Account are indispensable to this proceeding under Rule 19 of the Federal Rules of Civil Procedure. Those parties—which include BANFANB and any other judgment creditors of the FARC or of instrumentalities of the FARC—may have ownership or other beneficial interests in the Blocked Account that may be superior to Plaintiffs' rights to the Account. Accordingly, these parties have a right to receive notice of these proceedings.

## THIRD AFFIRMATIVE DEFENSE

9. If the Court enters a turnover order directing PNC, as garnishee, to transfer the funds in the Mastercard Sub-Escrow Account to Plaintiffs, that order should contain provisions that protect PNC. These provisions should consist of a release of liability as to PNC upon its

transfer of the funds; a bar on future litigation involving the funds, and permission to defer the transfer of the funds until after the turnover order is final and all appeal rights have been exhausted.

## THIRD PARTY COMPLAINT IN INTERPLEADER

10. PNC files this Complaint for a judicial determination of the rights to the Mastercard Sub-Escrow Account between the Plaintiffs, BANFANB, and plaintiffs in various other matters including *Stansell v. Revolutionary Armed Forces of Columbia*, No. 19-CV-20896-RNS (S.D. Fla. Feb. 12, 2019) and *Osio v. Maduro Moros*, No. 21-cv-20706-Gayles (S.D. Fla. Feb. 22, 2021), as well as any other matters in which plaintiffs have obtained judgments against the FARC. This Complaint is brought pursuant to Federal Rule of Civil Procedure 22.

11. Plaintiffs ultimately seek an order under TRIA § 201 directing PNC to turn over to them some or all of the funds in the Mastercard Sub-Escrow Account. But other claimants, besides BANFANB, also have a judgment against the FARC. The interests of one or more of these claimants in the Mastercard Sub-Escrow Account may be superior to the Plaintiffs' interest.

12. This Complaint enables PNC, in the event it is directed to turn over the funds in the Mastercard Sub-Escrow Account, to obtain a discharge as to the Mastercard Sub-Escrow Account that is binding on all interested parties and that thereby eliminates the risk that the bank will be subject to double or multiple liability due to potentially inconsistent future rulings.

**A.     Jurisdiction and Venue**

13. This Court has subject matter jurisdiction over the interpleader claim asserted herein (i) pursuant to 28 U.S.C. § 1331, because the claim arises under the laws of the United States, in particular the FSIA and TRIA; (ii) pursuant to 28 U.S.C. § 1367 and pursuant to 28 U.S.C. § 1335, because the claim is in the nature of an interpleader, PNC has in its custody property

of the value of $500 or more, and two or more adverse claimants named as third-party or counterclaim defendants are of adverse citizenship.

14.     Venue is properly set in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

**B.     The Parties**

15.     PNC is a national bank with its main office in Pittsburgh, Pennsylvania.

16.     Marrón Plaintiffs: The Marron Plaintiffs consist of Carlos Eduardo Marron, Jane Doe, C.R., a minor, and S.A., a minor. The Marron Plaintiffs obtained a default judgment against the FARC and others, under the ATA and other federal statutes, in the amount of $153,843,976 in compensatory damages. The Marron Plaintiffs are residents of the State of Florida.

17.     Banco de la Fuerza Armada Nacional Bolivariana (BANFANB) is a Venezuelan universal bank. Upon information and belief, BANFANB is a part of the Venezuelan Armed Forces and overseen by the Venezuelan Ministry of Defense.

18.     Osio Plaintiffs: Adverse Claimants the Osio Plaintiffs consist of Meudy Alban Osio, in her personal capacity and in her capacity as the personal representative of the Estate of Fernando Alberto Alban, Fernando Alban Osio, and Maria Fernando Alban Osio. The Osio Plaintiffs are taking part in the action captioned *Osio v. Maduro Moros*, No. 21-cv-20706-Gayles. On August 4, 2023, the Osio Plaintiffs obtained a default judgment against the FARC and others in the amount of $217 million.

19.     Stansell Plaintiffs: Adverse Claimants the Stansell Plaintiffs consist of Keith Stansell, Marc Gonsalves, Thomas Howes, Judith G. Janis, Christopher T. Janis, Greer C. Janis, Michael J. Janis, and Jonathan N. Janis. Upon information and belief, Keith Stansell, Thomas Howes and Jonathan N. Janis are citizens of Florida, Christopher T. Janis is a citizen of New York

State, Marc Gonsalves is a citizen of Connecticut, Judith G. Janis and Michael I. Janis are citizens of Alabama, and Greer C. Janis is a citizen of Virginia. On June 15, 2010, the Stansell Plaintiffs obtained a default judgment against the FARC and others in the amount of $318,030,000.

20. John Does 1-10: PNC also names John Does 1-10 because it cannot be certain that it has identified all persons and entities with a potential claim to the Mastercard Sub-Escrow Account.

**C.    Facts**

21. Because the writ issued in this matter and the writs issued in other matters cover the Mastercard Sub-Escrow Account, a dispute already exists as to which writ takes priority over the other and who should actually receive the funds in question. Further, BANFANB or both could seek to challenge prior rulings in this Court that they are instrumentalities of the FARC, which would impact the proposed disbursal of the funds.

23. As such, there are multiple conceivable disputes that exist today and that could arise in the future regarding the disposition of the $2,068,489.61 in the Mastercard Sub-Escrow Account. Those disputes must be resolved before any of the blocked funds can be released to the Plaintiffs or to anyone else.

24. Without such a resolution, PNC would be exposed to potential liability, inconsistent rulings and the possibility that after the funds are disbursed, other parties may claim an interest in the same funds and attempt to hold PNC liable for the disbursement.

25. In this instance, an interpleader proceeding is appropriate because all interested parties can be brought before one court and a single, consistent determination can be made as to who, if anyone, is entitled to the funds in the Mastercard Sub-Escrow Account. As a result of the

interpleader action, PNC can receive a discharge from all further liability as to the Mastercard Sub-Escrow Account that would bind all interested parties and protect it from future litigation.

**D.      First Claim for Interpleader Relief**

26.     PNC repeats and realleges the allegations in paragraphs 10-25 above as if they were set forth here in full.

27.     Plaintiffs have obtained a writ with the intention of ultimately moving for an order directing the turnover under TRIA § 201(a) of some or all of the funds in the Mastercard Sub-Escrow Account currently held by PNC.

28.     Plaintiffs in other matters have obtained writs covering the same funds.

29.     In addition, other parties have obtained judgments against the FARC and may claim an interest in the same funds.

30.     PNC takes no position on who is entitled to the funds in the Mastercard Sub-Escrow Account and is entirely neutral in this matter. PNC's only interest is in distributing the funds fairly and according to an order of the Court, obtained after the interests of all parties are adjudicated. PNC requests an order determining which, if any, of the parties at issue is entitled to the funds in the Mastercard Sub-Escrow Account. To the extent those funds are turned over, this order should discharge PNC from any further liability with respect to the Mastercard Sub-Escrow Account and the funds therein. In addition, PNC requests that this court delay the transfer of any funds until after any turnover order if final and all appellate rights have been exhausted.

Wherefore, PNC respectfully requests that this Court:

1) Grant PNC interpleader relief;

2) Determine the various rights to the funds in the Mastercard Sub-Escrow Account of the various parties named above, as well as any other parties that may have an interest in the funds or a judgment against the FARC;

3) Determine whether the funds in the Mastercard Sub-Escrow Account are subject to execution under TRIA.

4) Discharge PNC from all liability with respect to the funds, regardless of the complainant, after the funds are ordered to be turned over to one or more of the parties or any other person or entity;

5) Delay the transfer of any funds until after any turnover order is final and all appellate rights have been exhausted; and

6) Award any other relief that it deems appropriate.

Dated: June 25, 2025

Respectfully submitted,

*/s/ Seth V. Alhadeff*
Seth V. Alhadeff, Esq.
Fla. Bar No. 525235
**DINSMORE & SHOHL LLP**
200 South Biscayne Blvd.
Suite 2401
Miami, Florida 33131
Telephone: (786) 957-1157
Facsimile: (786) 957-1158
Seth.Alhadeff@Dinsmore.com

*Counsel for Garnishee, PNC BANK*