**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 1:21-cv-23190-FAM**

CARLOS EDUARDO MARRÓN;
MARIA MARRÓN; C.R., a minor;
and S.A., a minor,

       Plaintiffs / Judgment Creditors,

v.

NICOLAS MADURO MOROS; FUERZAS
ARMADAS REVOLUCIONARIAS DE
COLOMBIA ("FARC"); THE CARTEL OF
THE SUNS A.K.A. CARTEL DE LOS
SOLES; VLADIMIR PADRINO LÓPEZ;
MAIKEL JOSE MORENO PEREZ; NESTOR
LUIS REVEROL TORRES; TAREK
WILLIAM SAAB; and TAREK EL AISSAMI,

       Defendants / Judgment Debtors
_____/

### JUDGMENT CREDITORS' RENEWED MOTION FOR FINAL TURNOVER JUDGMENT AS TO BLOCKED LÓPEZ BELLO FUNDS NOMINALLY HELD IN THE NAME OF LÓPEZ BELLO'S WIFE BY GARNISHEE SAFRA NATIONAL BANK

Judgment Creditors respectfully move for a final order (1) directing Safra National Bank ("Safra") to turn over to Judgment Creditors $1,742,705.00 (plus accrued interest) in blocked funds belonging to Samark López Bello ("López Bello") at Safra, nominally held in the name of López Bello's wife, Loisinette Carolina Leiva Pinto ("Leiva") and (2) discharging Safra from any further obligation or liability with respect to those funds. As set forth below, the Office of Foreign Asset Control ("OFAC") has confirmed that the assets are owned by López Bello, and as such, they are subject to turnover.

### INTRODUCTION

On June 18, 2025 the Court ordered OFAC "to advise on whether the account [that is the subject of this turnover motion] is the subject of its block on Samark Lopez Bello's assets and property." ECF No. 321.

On June 25, 2025, the Court denied without prejudice and "with leave to refile after the Office of Foreign Asset Control has had an opportunity to respond to the Court's request as to whether the account that is the subject of the motions is blocked." ECF No. 329.

On September 26, 2025 OFAC filed its response and confirmed that "Samark Jose Lopez Bello (Lopez Bello) maintains a property interest in the funds in the account and, therefore, the

1

funds in the account should be blocked." ECF No. 394. Additionally, OFAC sent Safra a Notification of Blocking of Property" and "therefore the funds in the account should be blocked and may not be paid, exported, withdrawn, or otherwise dealt in without authorization from OFAC." ECF No. 394.

<u>**RELEVANT PROCEDURAL BACKGROUND**</u>

On September 29, 2023, this Court held that Judgment Creditors met their *prima facie* burden of showing that "López Bello" is an instrumentality of Judgment Debtor Tarek El Aissami. ECF No. 108 at 26-28. Then, on May 9, 2024, Judgment Creditors moved for writ of garnishment with regard to the approximately $1.7 million in López Bello's funds at Safra nominally held in the name of his wife, Leiva. ECF No. 191. As Judgment Creditors explained, although the account at Safra National Bank (Brickell) was in Leiva's name, the "account opening documents make clear that the assets actually belong to López Bello—who Mrs. Leiva acknowledged was the actual owner of any savings or investments nominally held in her own name." *Id.* at 4 & Ex. 3.

On May 10, 2024, this Court granted Judgment Creditors' motion and issued a writ of garnishment directed to Safra regarding funds of "Loisinette Carolina Leiva Pinto and/or Samark López Bello." ECF No. 194 at 1. On June 3, 2024, Safra National Bank of New York filed an answer to the writ of garnishment, in which it stated that it is holding $1,742,705.00 in Leiva funds on its general ledger. ECF No. 204 at 2. Judgment Creditors served copies on López Bello and Leiva on June 10, 2024. *See* ECF No. 231 (Notice of Compliance with Fla. Stat. § 77.055). And on June 14, 2024, Judgment Creditors filed a reply to Safra's answer to the writ of garnishment. ECF No. 208.

Well beyond the 20-day window provided in Fla. Stat. § 77.055, on August 6, 2024, Leiva moved to dissolve the writ of garnishment. ECF No. 225. On August 20, 2024, Judgment Creditors filed an opposition to Leiva's motion (ECF No. 232) and, on September 4, 2024, Leiva filed a reply in support of her motion (ECF No. 240). This Court held a hearing on September 18, 2024 to resolve outstanding motions, which Leiva's counsel did not attend. *See* Sept. 18, 2024 Transcript of Proceedings at 4:19-20. The Court attempted to reach Leiva's counsel by phone during the hearing but was unsuccessful. *Id.* at 15:10-17:3. The Court then indicated that it was denying Leiva's motion. *Id.* at 17:18-20 ("I'm going to deny the Motion to Quash . . . the Writ of Garnishment as being abandoned, as not being present here in court. That takes care of that.").

On October 7, 2024, the Court granted Judgment Creditors' motion for summary judgment against López Bello, holding, among other things, that "Lopez Bello qualifies as an agent or instrumentality of El Aissami" and that "the record evidence also establishes that Samark López Bello is an agent or instrumentality of the Cartel of the Suns." ECF No. 253 at 10.

2

## ARGUMENT

The Judgment Creditors have satisfied all of the elements of the Terrorism Risk Insurance Act ("TRIA") and therefore are entitled to a final turnover order: (1) they have obtained a judgment against a terrorist based on an act of terrorism; (2) the amount sought does not exceed their compensatory damages; (3) the assets they seek are blocked; and (4) the assets are owned by an agency or instrumentality of the judgment debtor. *Stansell v. Revolutionary Armed Forces of Columbia*, 45 F.4th 1340, 1347 (11th Cir. 2022) ("*Stansell IV*") (discussing *Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 723 (11th Cir. 2014) ("*Stansell II*"), which sets forth the elements for obtaining a final turnover order under TRIA § 201)).

**First**, this Court has determined that Plaintiffs have obtained a judgment against a terrorist based on an act of terrorism. ECF No. 253 at 7.

**Second**, Judgment Creditors have a judgment of $153,843,976, and the entire principal amount of the judgment remains outstanding. Accordingly, this prong is satisfied. ECF No. 253 at 8.

**Third**, on September 26, 2025 OFAC confirmed that the funds are indeed blocked and that Lopez Bello maintains a property interest in them.  ECF No. 394.

**Fourth**, as noted above, this Court has held that López Bello is an agency or instrumentality of judgment debtors Tarek El Aissami and the Cartel of the Suns. ECF No. 253 at 10.

**Finally**, once Safra has complied with the turnover order, it is entitled to an order releasing it from any further liability with respect to the released funds. *See, e.g.*, *Stansell v. Revolutionary Armed Forces of Columbia*, 2011 WL 13131352, at *5 (M.D. Fla. Sept. 28. 2011) (ordering that where a garnishee has fully complied with and satisfied a writ of garnishment/execution, it "is released from any liability to these [Specially Designated Narcotics Traffickers], or any other third parties, and is hereby discharged from these Writs of Garnishment/Execution").

## CONCLUSION

For the foregoing reasons, Judgment Creditors are entitled to an order directing the turnover of the blocked López Bello funds nominally held in the name of his wife, Leiva, in the amount of $1,742,705.00 plus the accrued interest, and Safra is entitled to a discharge order absolving it of liability once it has complied with the turnover order.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Local Rule 7.1(a)(3) provides that a Pre-Filing Conference Shall Not be Necessary in the case of, *inter alia*, a motion for garnishment or other relief under Federal Rule of Civil Procedure 64, and therefore Plaintiffs respectfully state that no conference is required for this motion.

Respectfully submitted on November 9, 2025.

/s/ Jaime D. Guttman
Jaime D. Guttman (Fla. Bar No. 44076)
jaime@scale.law
Scale Law Partners, LLC
777 Brickell Avenue, Suite 500
Miami, FL 33131
(786) 273-9033 (Main)

/s/ Alex C. Lakatos
Alex C. Lakatos (pro hac vice)
alakatos@mayerbrown.com
Cloe M. Anderson (pro hac vice)
canderson@mayerbrown.com
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000 (Main)

Counsel for Plaintiffs / Judgment Creditors

**CERTIFICATE OF SERVICE**

I certify that (1) I filed this document on November 9, 2025 through CM/ECF, which automatically and electronically delivered notice of filing to counsel of record for all parties that have appeared as well as garnishee Safra National Bank, which has also entered its appearance; (2) I have served Samark López Bello and Loisinette Carolina Leiva Pinto in accordance with this Court's order. See ECF No. 205 (noting that Plaintiffs may serve López Bello "by mailing to the addresses provided by Mr. Fels and Mr. Jacobs, and by emailing to Lopez Bello's personal email address").

/s/ Jaime D. Guttman