**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 1:21-cv-23190-FAM**

CARLOS EDUARDO MARRÓN;
MARIA MARRÓN; C.R., a minor;
and S.A., a minor,

       Plaintiffs,

v.

NICOLAS MADURO MOROS; FUERZAS
ARMADAS REVOLUCIONARIAS DE
COLOMBIA ("FARC"); THE CARTEL OF
THE SUNS A.K.A. CARTEL DE LOS
SOLES; VLADIMIR PADRINO LÓPEZ;
MAIKEL JOSE MORENO PEREZ; NESTOR
LUIS REVEROL TORRES; TAREK
WILLIAM SAAB; and TAREK EL AISSAMI,

       Defendants.

_____/

**[PROPOSED] ORDER GRANTING RENEWED MOTION FOR FINAL TURNOVER JUDGMENT AS TO BLOCKED LÓPEZ BELLO FUNDS NOMINALLY HELD IN THE NAME OF LÓPEZ BELLO'S WIFE AT SAFRA NATIONAL BANK**

THIS CAUSE came before the Court on the Renewed Motion of Plaintiffs / Judgment Creditors (ECF No. 426) for a final turnover judgment as to certain blocked funds belonging to Samark López Bello ("López Bello"), nominally held in the name of López Bello's wife, Loisinette Carolina Leiva Pinto ("Leiva"), at Safra National Bank ("Safra"). The Court has carefully reviewed the motion, all documents and pleadings on file, the applicable law, and is otherwise fully advised. For the reasons explained below, the motion is GRANTED.

**BACKGROUND**

On June 18, 2025 the Court ordered the Office of Foreign Asset Control ("OFAC") "to advise on whether the account [that is the subject of this turnover motion] is the subject of its block on Samark Lopez Bello's assets and property." ECF No. 321.

On June 25, 2025, the Court denied without prejudice and "with leave to refile after the Office of Foreign Asset Control has had an opportunity to respond to the Court's request as to whether the account that is the subject of the motions is blocked." ECF No. 329.

On September 26, 2025 OFAC filed its response and confirmed that "Samark Jose Lopez Bello (Lopez Bello) maintains a property interest in the funds in the account and, therefore, the funds in the account should be blocked." ECF No. 394.  Additionally, OFAC sent Safra a

1

Notification of Blocking of Property" and "therefore the funds in the account should be blocked and may not be paid, exported, withdrawn, or otherwise dealt in without authorization from OFAC." ECF No. 394.

## ANALYSIS

The Judgment Creditors have satisfied the elements of the Terrorism Risk Insurance Act ("TRIA") and therefore are entitled to a final turnover order: (1) They have obtained a judgment against a terrorist based on an act of terrorism (ECF No. 253 at 7); (2) the amount sought does not exceed what they have collected against their compensatory damages of $153,843,976 (*id.* at 8); (3) the assets they seek are blocked (*id.*; *see also* ECF No. 76 at 8-9); and (4) the assets are owned by an agency or instrumentality of the judgment debtor (ECF No. 253 at 10; ECF No. 394). *See Stansell v. Revolutionary Armed Forces of Columbia*, 45 F.4th 1340, 1347 (11th Cir. 2022) ("*Stansell IV*") (discussing *Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 723 (11th Cir. 2014) ("*Stansell II*"), which sets forth the elements for obtaining a final turnover order under TRIA § 201)).

In addition, once Safra has complied with the turnover order, it is entitled to an order releasing it from any further liability with respect to the released funds. *See, e.g.*, *Stansell v. Revolutionary Armed Forces of Columbia*, 2011 WL 13131352, at *5 (M.D. Fla. Sept. 28. 2011).

## CONCLUSION

Judgment Creditors' motion for a final turnover judgment under TRIA on the blocked funds belonging to López Bello nominally held in the name of Leiva at Safra is GRANTED.

Within seven (7) days from this Order, Safra shall cause to be paid to Judgment Creditors (by means of payment directed to counsel for Judgment Creditors) the amount of $1,742,705.00 (plus accrued interest). Upon completion of the foregoing payment, Safra shall be deemed released and absolved from any liability to any party arising from or relating to Safra's answer (ECF No. 204) or Safra's distribution of the blocked López Bello funds nominally held in the name of Leiva to Judgment Creditors' counsel in accordance with this Order.

**DONE AND SO ORDERED** in Chambers in Miami, FL, this ___ day of _____ 2025.

_____
Hon. Federico A. Moreno
United States Judge